# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2014

Lyle W. Cayce
Clerk

PAMELA L. CROSSLEY,

Plaintiff-Appellant

v.

CSC APPLIED TECHNOLOGIES, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CV-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Pamela Crossley ("Crossley") filed suit against Defendant-Appellee CSC Applied Technologies, L.L.C. ("CSC") alleging that CSC discriminated against her by failing to accommodate her disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(5)(A). The district court granted summary judgment in favor of CSC. Crossley timely appealed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10788

Crossley is a United States Army veteran who worked for CSC as an aircraft mechanic in San Angelo, Texas. CSC has a helicopter servicing contract with the U.S. Army that requires the company to provide repairs at varying times and locations. As such, the mechanics have to deploy to other locations whenever needed. The job description for aircraft mechanic explicitly lists as qualifications that the employee must be willing to work any shift or schedule as required to support the workload and must be willing to deploy to support off-station exercises or other duties as assigned.

As a result of an incident that occurred during her military service, Crossley suffered from and received weekly treatment for posttraumatic stress disorder ("PTSD"). In February 2011, CSC informed its employees that there would be a reduction in aircraft at the San Angelo site and that it would have to reassign employees to other locations. Crossley informed her supervisors that she was unable to travel due to her medical appointments. She submitted a letter from her physician explaining that she could not travel and acknowledged that she understood she could be laid off if she was not able to accept a location transfer.

On March 4, 2011, CSC terminated Crossley, informing her that she was eligible for rehire and may apply for positions for which she was qualified that became available in the future. However, Crossley did not apply for the positions that subsequently became available at the San Angelo location. On March 15, 2011, Crossley filed an application with the Department of Veterans Affairs for total disability benefits, claiming that her disability prevented her "from securing or following any substantially gainful occupation." Crossley subsequently filed the instant suit.

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Milton v. Texas Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013). "The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Evidence is construed in the light most favorable to the non-moving party . . . draw[ing] all reasonable inferences in that party's favor. Conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence are insufficient to create a genuine issue of material fact." *Milton*, 707 F.3d at 572 (internal quotation marks and citations omitted). We may affirm summary judgment on any ground supported by the record. *Feist v. Lousiana, Dep't of Justice, Office of Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id.* at (b)(5)(A). Therefore, to prevail in her failure-to-accommodate claim, Crossley must prove that: "(1) [she] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by [CSC]; and (3) [CSC] failed to make reasonable accommodations for such known limitations." *Feist*, 730 F.3d at 452 (internal quotation marks omitted).

A qualified individual is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). To avoid summary judgment on the question of whether she is a qualified individual, Crossley must show: (1) "that [she] could perform the essential functions of the job in spite of [her] disability" or (2) "that a reasonable accommodation of [her]

disability would have enabled [her] to perform the essential functions of the job." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996).[1]

CSC's contract with the government required employees to make repairs at varying times and locations. Thus, the description of Crossley's position explicitly states: "Qualifications: . . . Must be willing to work any shift and/or flexible schedules as required to support the workload and the mission. Must be willing to deploy to support off station exercises and perform other supportive duties as assigned." Crossley testified that when CSC took over the contract, she understood that she would have to work in different locations. Additionally, while still employed Crossley wrote letters stating that she could not travel and that she understood that she could be laid off due to her inability to accept work at another location. Indeed, Crossley concedes on appeal that travel was an essential function of her job that she could not perform when she states, "There is no dispute that Crossley successfully performed all essential tasks of her job throughout her employment with CSC, except for the travel requirement." Thus, Crossley has not shown that she is a qualified individual under the ADA. *See Gober v. Frankel Family Trust*, 537 F. App'x 518, 521-22 (5th Cir. 2013) (unpublished) (affirming summary judgment for employer where evidence showed that plaintiff could not report to work after hours,

---

[1] EEOC regulations provide:
> (3) Evidence of whether a particular function is essential includes, but is not limited to:
> (i) The employer's judgment as to which functions are essential;
> (ii) Written job descriptions prepared before advertising or interviewing applicants for the job;
> (iii) The amount of time spent on the job performing the function;
> (iv) The consequences of not requiring the incumbent to perform the function;
> (v) The terms of a collective bargaining agreement;
> (vi) The work experience of past incumbents in the job; and/or
> (vii) The current work experience of incumbents in similar jobs.

29 C.F.R. §1630.2(n)(3)(i)-(vii).

which was an essential function of the position even if it happened only infrequently).

Moreover, after filing the instant suit, Crossley filed an application with the Department of Veterans Affairs requesting total disability benefits due to her inability to secure or perform any occupation. In *Cleveland v. Policy Mgmt. Corp.*, 526 U.S. 795, 797-98 (1995), the Supreme Court held that although a plaintiff's pursuit and receipt of Social Security Disability Insurance ("SSDI") benefits does not automatically estop her from pursuing an ADA claim, "[t]o survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could perform the essential functions of her previous job, at least with reasonable accommodation." This court has explained that "while an employee's boilerplate representation of total disability in a benefits application may be a legal conclusion that can, through an adequate explanation, be reconciled with a subsequent ADA suit, an employee's specific factual statements that she was unable to perform her essential job duties at the time of the adverse employment action entitle the employer to summary judgment, at least absent a particularized showing that reasonable accommodations were possible." *Bell v. Hercules Liftboat Co., L.L.C.*, 524 F. App'x 64, 68 (5th Cir. 2013) (unpublished) (quoting *Reed v. Petroleum Helicopters, Inc.*, 218 F.3d 477, 479-80 (5th Cir. 2000)) (internal quotation marks omitted).

In *Reed*, 218 F.3d at 478, the plaintiff worked as an offshore helicopter pilot and injured her back on the job. She filed several applications for SSDI benefits, in which she claimed that she was totally disabled, unable to work, and unable to sit, stand, or walk for long periods of time. *Id.* at 479. After her termination, she sued her employer under the ADA, and this court affirmed summary judgment for the employer, reasoning that her specific factual statements were "inconsistent with her claim that she could fly a helicopter,

an essential function of her job" and that she "did not dispute that the only reasonable accommodation for an inability to fly is to be placed on temporary leave." *Id.* at 480. This court further reasoned that she gave no explanation for the inconsistency or her physician's assessment that she was not safe to fly. Finally, this court found it irrelevant that some of the factual statements occurred after her termination because she "provided no evidence that she could perform an essential function of her job, namely flying, with any reasonable accommodation." *Id.* at 480-81.

Similarly here, Crossley provides no evidence that she could perform an essential function of her job—travel. Indeed, as noted above, Crossley concedes that travel was an essential function and that she could not perform it. Furthermore, in her statement in support of her claim for total disability benefits, Crossley explained that CSC terminated her because of her inability to travel. The benefits application stated that in order to support her claim, Crossley would have to show that her disability was sufficient, without regard to other factors, to prevent her from obtaining or keeping any substantially gainful employment. Crossley's physician stated in her application that she was "unemployable" due to her disability.

Moreover, under *Cleveland*, 526 U.S. at 807, even when a benefits application contains only on a legal conclusion, "the court should require an explanation of any apparent inconsistency." The only argument Crossley offers for the inconsistency is her "good faith believe [sic] that she could perform the essential functions of her job with CSC." However, to survive summary judgment, Crossley's explanation must be sufficient for a reasonable juror to conclude that, assuming Crossley's good-faith belief in her statement *on her benefits application*, she nevertheless could perform the essential functions of the job with or without reasonable accommodation. *See Cleveland*, 526 U.S. at 807. Crossley concedes that she could not perform an essential function of her

job and asserts that the only reasonable accommodation for her inability to travel was to be placed on indefinite leave "to see if additional jobs opened up in San Angelo which could have accommodated her need for treatment at the VA." *See Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996) (rejecting as meritless employee's contention that employer was required to afford him indefinite leave, explaining that "[n]othing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect"); *see also Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) ("Indefinite leave is not a reasonable accommodation."). Additionally, Crossley does not allege that indefinite leave would have addressed her inability to travel. *See Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 709 (5th Cir. 1997) ("[T]he law does not require an employer to transfer from the disabled employee any of the essential functions of his job."). Finally, Crossley did not even apply for the jobs that subsequently became available in San Angelo, despite the fact that she was aware of her eligibility for rehire. Accordingly, Crossley has not shown that she is a qualified individual under the ADA.[2]

We AFFIRM the district court's judgment.

---

[2] Crossley contends, in one sentence, that the district court erred in summarily overruling Crossley's objections to CSC's summary-judgment evidence because the "affidavits" that CSC submitted did not identify the details of the affiants' personal knowledge and contained bare factual allegations and legal conclusions. Crossley does not explain how the one declaration that CSC submitted, which was based on the declarant's direct knowledge gained from his position at CSC and contained more than bare allegations, was objectionable. This argument is waived, *see Carl E. Woodward, L.L.C. v. Acceptance Indem. Ins. Co.*, 743 F.3d 91, 96 (5th Cir. 2014), and, in any event, is meritless.